OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS

Marcia M. Waldron
Clerk

FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Telephone
267-299-4915

www.ca3.uscourts.gov

December 4, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

**RE: Docket No. 01-4171**
**Howard  vs. Deklinski, et al.**
**D. C. CIV. No. 00-cv-01649**

Dear Mrs. D'Andrea:

Enclosed is a certified copy of the judgment in the above-entitled case, together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

We release herewith the certified list in lieu of the record.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

Very truly yours,
MARCIA M. WALDRON
Clerk

By:  LaToya Corprew
Case Manager

Enclosure

cc:

Andrew J. Ostrowski, Esq.
Linda S. Lloyd, Esq.
Robert G. Hanna Jr., Esq.
Kimberly A. Boyer, Esq.

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 01-4171

———

FILED
HARRISBURG, PA

DEC 0 6 2002

MARY E. D'ANDREA, Cl
Per _____

WILLIAM R. HOWARD,
                                              Appellant
                              v.

KAREN DEKLINSKI; GARY SMITH; JOHN DUNN; JOHN CONNOLLY;
SUSAN WERTZ; ROGER FICKES; ABILITECH INC.;
DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 00-cv-01649)
District Judge:  Hon. Sylvia H. Rambo

———

Before:  SLOVITER, FUENTES, Circuit Judges
and FULLAM,* District Judge

———

JUDGMENT

This cause came on to be heard on the record from the United States District Court

for the Middle District of Pennsylvania and was submitted pursuant to Third Circuit LAR

34.1(a) on October 31, 2002.

————————————

*      Hon. John P. Fullam, Senior Judge, United States District Court for the Eastern
       District of Pennsylvania, sitting by designation.

On consideration whereof, it is now here ORDERED AND ADJUDGED by this

Court that the order of the said District Court entered October 25, 2001 be, and the same

is, hereby affirmed.  Costs taxed against appellant.  All of the above in accordance with

the opinion of this Court.

ATTEST:

*Marcia M. Waldron*

_____

Clerk


Dated: November 12, 2002




Costs taxed in favor of Appellees, John Connolly,
Susan Wertz, and, Abilitech, Inc., as follows:
Appendix ............................................... $   2.40
Appellee's Brief ..................................... $135.20
TOTAL .................................................. $ 137.60




**Certified as a true copy and issued in lieu
of a formal mandate on 12/4/02.**


**Teste:**   *Kathleen Brown*

**Chief Deputy Clerk, U.S. Court of Appeals for the Third Circuit.**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

No. 01-4171

————

WILLIAM R. HOWARD,
                                         Appellant
                    v.

KAREN DEKLINSKI; GARY SMITH; JOHN DUNN; JOHN CONNOLLY;
SUSAN WERTZ; ROGER FICKES; ABILITECH INC.;
DEPARTMENT OF CONSERVATION AND NATURAL RESOURCES

————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 00-cv-01649)
District Judge:  Hon. Sylvia H. Rambo

————

Submitted Under Third Circuit LAR 34.1(a)
October 31, 2002

Before:  SLOVITER, FUENTES, <u>Circuit</u> <u>Judges</u>
and FULLAM,* <u>District</u> <u>Judge</u>

(Filed: November 12, 2002)

————

<u>OPINION OF THE COURT</u>

———————————

\*      Hon. John P. Fullam, Senior Judge, United States District Court for the Eastern
District of Pennsylvania, sitting by designation.

FILED
HARRISBURG, PA

DEC 0 6 2002

MARY E. D'ANDREA, CLER
Per

SLOVITER, Circuit Judge.

The appellant, William R. Howard, brought this action under 42 U.S.C. § 1983, asserting, among others, a claim of defamation regarding communications from Defendants John Connolly, Susan Wertz and Abilitech, Inc. (hereafter "the Abilitech Defendants") to Howard's employer, the Pennsylvania Department of Conservation and Natural Resources (hereafter "the DCNR"). On April 11, 2001, the District Court granted a motion to dismiss all counts against the Abilitech Defendants excepting the state law defamation claim. On October 4, 2001, after determining that Howard failed to establish a question of material fact, the District Court granted summary judgment for the Abilitech Defendants on the remaining claim. See Memorandum and Order, Howard v. Deklinski, Civ. No. 00-1649 (M.D. Pa. Oct. 4, 2001). That Order is the subject of this appeal.

Howard asserts, as he did before the District Court, that the Abilitech Defendants abused the conditional privilege by which the communications were otherwise protected because those Defendants were motivated by malice and because the information conveyed went beyond that relevant to the investigation of sexual harassment which was the genesis of the inquiry into Howard's conduct. Because we conclude that the District Court correctly applied the law, and that there are no genuine issues of material fact as to either the existence of malice or the Abilitech Defendants' exceeding the scope of the conditional privilege, we will affirm.

# I.

In 1998 and 1999, Howard was employed by the DCNR as a manager in the Bureau of State Parks and served as project manager for the State Park Reservation and Revenue System. His responsibilities necessitated interaction with the employees at a park system reservations call center staffed by the Pennsylvania Institute for the Blind and Handicapped, pursuant to its contract with the DCNR. Abilitech, as subcontractor, employed disabled individuals to serve as telephone operators at the call center.

In September 1999, Defendant Susan Wertz, an Abilitech employee and office manager of the call center, received a sexual harassment complaint from a female employee at the call center regarding Jiles Clugh, a male employee. In the course of her investigation of the complaint, Wertz learned that Howard was present during and participated in some alleged incidents of sexual harassment. She reported her findings, including specific allegations against Howard made by the employees interviewed, to her supervisor, Defendant John Connolly. Connolly then met with Howard's immediate supervisor at the DCNR, Defendant Gary Smith, and provided him with Wertz's report as well as a supplemental document prepared by Connolly. This supplemental document included additional concerns regarding Howard's conduct while at the call center, including unprofessional behavior and possible inebriation, as well as concerns regarding his participation in incidents of sexual harassment. Following an investigation by the DCNR, Howard was notified that based on his participation "in a pattern of sexual

misconduct/sexual harassment directed at female employees at the Abilitech call center,"

he was being suspended for five days and demoted. Howard appealed the disciplinary

acts to the State Civil Service Commission which conducted a hearing and concluded that

good cause existed for the DCNR's imposition of disciplinary action. Howard then filed

this action with the District Court. The District Court concluded that:

> [the Abilitech] Defendants have established, and Plaintiff has
> conceded, that the communication of information about
> Plaintiff by Defendant Wertz to Defendant Connolly and by
> Defendant Connolly to Commonwealth Defendant Smith was
> published in the context of a conditionally privileged
> occasion. Moreover, Plaintiff has failed to raise an issue of
> fact as to the abuse of the conditional privilege. The
> information was not actuated by malice or negligence; was
> not made for a purpose other than that for which the privilege
> was given; was not made to any persons not reasonably
> believed to be necessary for the accomplishment of the
> purpose of the privilege; and did not include defamatory
> matter not reasonably believed to be necessary for the
> accomplishment of the purpose. Accordingly, Plaintiff has
> failed to raise an issue of fact for trial as to the abuse of a
> conditional privilege . . .

Oct. 4, 2001 Memorandum at 13-14. Howard timely appealed the District Court's

October 4, 2001 grant of summary judgment regarding his defamation claim against the

Abilitech Defendants.

## II.

We exercise jurisdiction under 28 U.S.C. § 1291. Our review of the District

Court's grant of summary judgment is plenary and we must affirm summary judgment if

there is no genuine issue of material fact and the moving party is entitled to judgment as a

4

matter of law.  See, e.g., <u>Matczak v. Frankford Candy and Chocolate Co.</u>, 136 F.3d 933,

936 (3d Cir. 1997).  We review the facts in the light most favorable to the non-moving

party.  See <u>Beers-Capitol v. Whetzel</u>, 256 F.3d 120, 130 n.6 (3d Cir. 2001).  That party

must, however, point to specific facts demonstrating that a genuine issue exists for trial,

and may not rest upon entirely unsupported allegations.  See Fed. R. Civ. P. 56(e);

<u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).[1]

### III.

A publication that might otherwise be defamatory is subject to a conditional

privilege "'if the publisher reasonably believes that the recipient shares a common interest

in the subject matter and is entitled to know.'"  <u>Miketic v. Baron</u>, 675 A.2d 324, 330 (Pa.

Super. 1996) (quoting <u>Daywalt v. Montgomery Hosp.</u>, 573 A.2d 1116, 1118 (Pa. Super.

1990)).[2]  The privilege may, however, be waived by abuse, which occurs when a

publication of misinformation (1) is actuated by malice or negligence; (2) is made for a

purpose other than that for which the privilege is given; (3) is made to a person not

---

[1]   See also <u>id.</u> at 249 (noting that a factual dispute is "genuine" only if there is a
sufficient evidentiary basis to allow a reasonable fact finder to return a verdict for the
non-moving party).  Appellant's assertion that "it is outside the province of a court to
decide whether or not a defendant" has abused a conditional privilege reflects a
fundamental misunderstanding of the law.  See Brief of Appellant at 14.

[2]   See also <u>Garvey v. Dickinson College</u>, 763 F. Supp. 796, 798 (M.D. Pa. 1991)
(noting that Pennsylvania courts recognize a conditional privilege which applies if "'the
circumstances are such as to lead . . . persons having a common interest in a particular
subject matter correctly or reasonably to believe that facts exist which another sharing
such common interest is entitled to know'") (quoting <u>Gaiardo v. Ethyl Corp.</u>, 697 F.
Supp. 1377, 1383 (M.D. Pa. 1986)); Restatement of Torts (2d) § 596 (1977).

reasonably believed to be necessary for the accomplishment of the purpose of the privilege; or (4) includes defamatory matter not reasonably believed to be necessary for the accomplishment of the purpose. Elia v. Erie Ins. Exch., 634 A.2d 657, 661 (Pa. Super. 1993).[3] As discussed above, Howard contends that the Abilitech Defendants abused the conditional privilege because they were motivated by malice and because the information published to his supervisor went beyond the scope of the initial sexual harassment inquiry. The burden is on the plaintiff to demonstrate that the privilege has been abused. See 42 Pa. Cons. Stat. Ann. § 8343(a).

**IV.**

Howard asserts that the Abilitech Defendants' communications were motivated by a desire to remove him in an effort to conceal their own mismanagement of the call center and that they conducted their investigation in a biased fashion. He does not contend that the Abilitech Defendants falsely reported the results of the employee interviews or that they had reason to believe that the information conveyed to Howard's supervisor was false or inaccurate. Rather, Howard is apparently relying on the subjective malice which he asserts may be inferred from the Abilitech Defendants' supposed antipathy toward him as a result of alleged disagreement regarding administrative matters.

Howard has proffered no evidence whatsoever of actual malevolence on the part of

---

[3]    For purposes of summary judgment, the District Court proceeded as though the information published constituted misinformation as the parties did not put the question at issue. The Court noted, however, that the presumption did not constitute a binding factual determination.

6

the Abilitech Defendants.  See October 4, 2001 Memorandum at 8-10 (noting that

Connolly's report included many complimentary statements regarding Howard's work,

indicating a lack of malice, and that Howard fails to identify any incidents of hostility or

malice toward him or any basis for inferring that the investigation was biased).

Moreover, although the conditional privilege may be "forfeited if the author of the

defamatory communication is motivated *solely* by spite or ill-will against the plaintiff and

not by a desire to benefit a common legitimate objective through full disclosure," Garvey,

763 F. Supp. at 798 (emphasis added), where the defendant reasonably believes in the

necessity of the communication, his or her remarks remain subject to the privilege.  See

id. (upholding conditional privilege where evidence failed to demonstrate as a matter of

law that the publication "resulted from 'intentional, reckless, or wanton conduct and was

not a good faith judgment'") (quoting Beckman v. Dunn, 419 A.2d 583, 588 (Pa. Super.

1980)); Beckman, 419 A.2d at 588 (holding that where publication was not excessive in

the scope of material communicated or extent of circulation, and was made for a proper

purpose, the fact that it may have been inspired, in part, by resentment or indignation at

conduct of person defamed does not constitute abuse of the privilege); Gutman v. TICO

Ins. Co., 1998 WL 306502, *7 (E.D. Pa. 1998) (noting, in discussion of alleged abused of

conditional privilege based on malice, that malice "is defined under Pennsylvania's

defamation precedents as 'a wrongful act, done intentionally without cause or excuse'")

(quoting Simms v. Exeter Architectural Prods., Inc., 916 F. Supp. 432, 436 (M.D. Pa.

1996) (citation omitted)).[4]  <u>Compare</u> <u>Rockwell v. Allegheny Health, Educ. & Research</u>

<u>Found.</u>, 19 F. Supp. 2d 401, 408-409 (E.D. Pa. 1998) (finding conditional privilege

inapplicable where defendant's statements were not "consistent with the interest related to

a conditional privilege" and plaintiff "pled numerous facts demonstrating a systematic

and continuous pattern of activity by [defendant] to harm his professional reputation")[5]

<u>with</u> <u>Daywalt</u>, 573 A.2d at 1119 (affirming summary judgment, finding employee failed

to demonstrate abuse of conditional privilege where record did not reflect any animus

toward employee before incident, defendant "made an effort to ascertain the truth of the

matter," and defendant had reasonable cause for believing truth of published allegations).

We therefore agree with the District Court that the evidence raises no disputed

issue of material fact as to the presence of malice on the part of the Abilitech Defendants.

## V.

Howard alleges that substantial portions of the Abilitech Defendants' report to his

supervisor did not concern allegations relevant to charges of sexual harassment and

---

[4]    <u>Cf.</u> <u>New York Times Co. v. Sullivan</u>, 376 U.S. 254, 279-80 (1964) (requiring actual malice defined as knowledge of falsity or reckless disregard in order to overcome First Amendment privilege in defamation action brought by public figure); <u>Buker v. Blake</u>, 1986 WL 11440, * 2 (E.D. Pa. 1986) ("To show malice [to obviate the conditional privilege] for the purposes of a defamation action, the plaintiff must demonstrate that the defendant made the defamatory communication with the knowledge that it was false or with reckless disregard of whether it was false.") (citing <u>Raffensberger v. Moran</u>, 485 A.2d 447, 453 (Pa. Super. 1984)).

[5]    The Court concluded that defendant's statements "demonstrate[d] disregard for . . . truthfulness" and that "[a]ccordingly [those statements] were beyond the confines of any claims of privilege . . . ." <u>Id.</u> at 409.

8

therefore were outside the conditional privilege.  However, as the trial court correctly

observed, the Abilitech Defendants' privilege extends not only to the purpose of

preventing workplace harassment, but also to Abilitech's and the DCNR's shared purpose

of ensuring proper operation of the call center in accordance with their contract.[6]

Because all of the conduct at issue was alleged to have taken place in the context of

Howard's supervision of that operation, and related to Howard's job performance and

interaction with other employees, it is clear that any potentially defamatory information in

the reports pertained to that privileged purpose.  See Garvey, 763 F. Supp. at 798

(communication to prospective employer, providing fair account of employment

performance, including "account of circumstances which caused [plaintiff] some

difficulty and perhaps detracted from his job performance," were "clearly conditionally

privileged"); Daywalt, 573 A.2d at 1118-1119 (finding no abuse of privilege in

communication of possible misconduct to those with an employment "interest in

[plaintiff]'s activities," who were "entitled to know of [defendant]'s suspicions").

**VI.**

---

[6]   See generally Miketic, 675 A.2d at 329 (upholding privilege as to communication
of incidents involving employee and supervisor, noting that proper occasion giving rise to
conditional privilege exists when "(1) some interest of the person who publishes
defamatory matter is involved; (2) some interest of the person to whom the matter is
published or some other third person is involved; or (3) a recognized interest of the public
is involved") (citing Keddie v. Pennsylvania State Univ., 412 F. Supp. 1264 (M.D. Pa.
1976) (citations omitted)).  The Miketic Court concluded that the publishers and recipient
of communications about the employee's performance shared a common interest giving
rise to a conditional privilege.  Id. at 330.

9

For the reasons set forth above, we will affirm the decision of the District Court.

_____

TO THE CLERK:

Please file the foregoing opinion.


/s/ Dolores K. Sloviter
Circuit Judge